## Schmolze Unemployment Compensation Case.

Argued March 23, 1960. Before RHODES, P. J., GUN-THER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONT-GOMERY, JJ.

*David Cohen,* for claimant, appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for Unemployment Compensation Board of Review, appellee.

*John G. Wayman,* with him *H. T. Herrick,* and *Reed, Smith, Shaw & McClay,* for employer, intervening appellee.

OPINION BY WATKINS, J., April 13, 1960:

This is an unemployment compensation case in which the Bureau of Employment Security, the Referee and the Board of Review all concluded that the claimant-appellant, Frank B. Schmolze's unemployment was the result of a labor dispute and that he was ineligible for benefits under the provisions of Section 402(d) of the Unemployment Compensation Law, Act of December 5, 1935, P. L. [1937] 2897, as amended, 43 PS §751 et seq.

The question presented by this case is identical to that decided by this Court in *Oluschak Unemployment Compensation Case,* 192 Pa. Superior Ct. 255, 159 A. 2d 750 (1960). The cases were orally argued together and the decision in *Oluschak Unemployment Compensation Case,* supra, applies to both.

There are slight differences in the factual situation. The claimant here was also an employee of Westinghouse Electric Company, Lester, Pennsylvania. He

had been so employed since February 17, 1941 and was disqualified for benefits by reason of the strike on October 14, 1955. He obtained intervening employment at ITE Circuit Breaker Company, Philadelphia, Pa., for approximately six months, ending July 27, 1956. The strike ended August 8, 1956. He was recalled by Westinghouse on August 13, 1956 and is presently so employed. Unlike the claimant in *Oluschak Unemployment Compensation Case,* supra, there was no attempt by the claimant to show any intent to sever his working status with Westinghouse, so that the only evidence presented by the claimant to establish his right to benefits was the intervening employment.

Decision affirmed.

---

DISSENTING OPINION BY MONTGOMERY, J.:

I dissent in this case for the same basic reason assigned for my dissent in the *Oluschak Unemployment Compensation Case,* 192 Pa. Superior Ct. 255, 159 A. 2d 750. In this case notice of claimant's intention to resign from Westinghouse Electric Corporation is likewise made a requirement to his qualifying for unemployment compensation, although he had secured subsequent employment at the ITE Circuit Breaker Company and had worked there approximately six months. This, in my opinion, was not a legal requirement. Therefore, claimant should be given a rehearing and the bona fides of his intentions to make his new employment permanent determined regardless of his failure to notify Westinghouse of his intention to resign.